■ GEORGE ROCKMAN, Appellant, v MATTHEW T. BROSNAN et al., Respondents. [663 NYS2d 53] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated June 28, 1996, which, *inter alia,* denied the plaintiff's motion for partial summary judgment on the issue of liability as against the defendant Glen Heathers and for summary judgment dismissing Glen Heathers' first, second, third, and fourth affirmative defenses and the first and second affirmative defenses of the defendants Matthew T. Brosnan and Michael J. Brosnan.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment dismissing the third and fourth affirmative defenses of the defendant Glen Heathers and the second affirmative defense of the defendants Mat-

thew T. Brosnan and Michael J. Brosnan and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff.

This action arises out of the plaintiff's involvement in two separate car accidents. The first occurred in May 1992, when the plaintiff's car collided with a car operated by the defendant Matthew T. Brosnan and owned by the defendant Michael J. Brosnan. The second accident occurred in November 1992, between the plaintiff's car and a vehicle owned and operated by the defendant Glen Heathers.

Summary judgment against Glen Heathers on the issue of liability is inappropriate since there are issues of fact as to the parties' respective negligence in connection with the November 1992 accident. Furthermore, the court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing Heathers' affirmative defense under Insurance Law § 5102. There are questions of fact as to whether the plaintiff suffered a "serious injury" pursuant to Insurance Law § 5102.

We find, however, that summary judgment should have been granted to the plaintiff dismissing the defendants' respective affirmative defenses regarding the plaintiff's alleged failure to use a seat belt. The plaintiff presented evidentiary proof in admissible form that he was wearing a seat belt during both accidents. The defendants did not produce admissible evidence tending to show that the plaintiff's injuries were inconsistent with the injuries that might be sustained by a person who was utilizing a seat belt. Under such circumstances, these affirmative defenses should have been dismissed (*see, Desola v Mads, Inc.,* 213 AD2d 445).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.