■ LENA MYRIE et al., Respondents, v LIZMILA ATEHORTUA et al., Appellants. [713 NYS2d 294] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Milano, J.), dated October 7, 1999, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendant driver, Eddie Atehortua, struck the injured plaintiff's vehicle after it had been completely stopped for "a few seconds" because two pedestrians were crossing the street in front of her car. The defendant driver acknowledged at his examination before trial that he saw the injured plaintiff's brake lights go on but was unable to stop in time because he was only one car length behind.

The law is clear that "[a] rear end collision with a stopped vehicle creates a prima facie case of liability on the part of the moving vehicle and imposes a duty of explanation on the part of the driver of the offending vehicle" (*Gladstone v Hachuel,* 225 AD2d 730; *see, Danza v Longieliere,* 256 AD2d 434, 435). Under the facts of this case, the defendant driver's testimony that the injured plaintiff suddenly stopped was insufficient to rebut the inference of negligence arising from the rear-end collision (*see, DiPaola v Scherpich,* 239 AD2d 459; *Danza v Longieliere, supra*).

The defendants' remaining contentions are without merit. Krausman, J. P., Goldstein, Feuerstein and Smith, JJ., concur.