■ ARKADIY KIMYAGAROV et al., Appellants, v NIXON TAXI CORP. et al., Respondents. [846 NYS2d 309]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated May 29, 2007, as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability is granted.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Carhuayano v J&R Hacking*, 28 AD3d 413, 414 [2006]; *Milskiy v Solanky*, 8 AD3d 353 [2004]; *Gaeta v Carter*, 6 AD3d 576 [2004]). If the operator of the moving vehicle cannot come forward with evidence to rebut the inference of negligence, the occupants and owner of the stationary vehicle are entitled to summary judgment on the issue of liability (*see Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973 [2006]; *Dileo v Greenstein*, 281 AD2d 586 [2001]; *Leonard v City of New York*, 273 AD2d 205, 206 [2000]).

Here, the plaintiffs met their burden of establishing their prima facie entitlement to judgment on the issue of liability by submitting the affidavit of the plaintiff Arkadiy Kimyagarov in which he stated that the vehicle he was operating was stopped at a stop sign when it was struck in the rear by the defendants' vehicle (*see Comiskey v Pisano*, 10 AD3d 441, 442 [2004]; *Dickie*

*v Pei Xiang Shi,* 304 AD2d 786, 787 [2003]; *Girolamo v Liberty Lines Tr.,* 284 AD2d 371, 372 [2001]). In opposition, the defendants failed to submit an affidavit from a person with personal knowledge of the facts either denying the plaintiffs' allegations or offering a nonnegligent explanation for the collision (*see Fenko v Mealing,* 43 AD3d 856 [2007]; *Piltser v Donna Lee Mgt. Corp.,* 29 AD3d at 974; *Arbizu v REM Transp., Inc.,* 20 AD3d 375, 376 [2005]).

Furthermore, contrary to the defendants' contention, the motion was not premature, as they failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiffs (*see* CPLR 3212 [f]; *Lopez v WS Distrib., Inc.,* 34 AD3d 759, 760 [2006]; *Pina v Merolla,* 34 AD3d 663, 664 [2006]; *Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d 636, 637 [2006]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion (*see Arbizu v REM Transp., Inc.,* 20 AD3d at 376; *Kershis v City of New York,* 303 AD2d 643 [2003]; *Associates Commercial Corp. v Nationwide Mut. Ins. Co.,* 298 AD2d 537, 539 [2002]). Accordingly, the plaintiffs were entitled to summary judgment on the issue of liability. Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.