■ SAMUEL GARNER, Appellant, v CHEVALIER TRANSPORTATION CORP. et al., Respondents. [872 NYS2d 495]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 15, 2008, which denied his motion for summary judgment on the issue of liability, with leave to renew upon the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

On June 23, 2004, the plaintiff's vehicle was struck from behind by a vehicle owned by the defendant Chevalier Transportation Corp. and operated by the defendant Jeffery Martin. On his motion for summary judgment on the issue of liability, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting an affidavit in which he stated that his vehicle was stopped when it was struck in the rear. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence against the driver and owner of the moving vehicle, and imposes a duty of explanation on its driver (*see Johnston v Spoto,* 47 AD3d 888, 889 [2008]). In opposition, the defendants failed to provide a nonnegligent explanation for the collision (*see Myrie v Atehortua,* 275 AD2d 699 [2000]). Furthermore, contrary to the contention of the defendants, the plaintiff's motion was not premature (*see* CPLR 3212 [f]; *Kimyagarov v Nixon Taxi Corp.,* 45 AD3d 736, 737 [2007]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Spolzino, J.P., Covello, McCarthy and Belen, JJ., concur.