■ ROBERT F. BRENNAN et al., Plaintiffs, v RENATE GAGLIANO et al., Defendants. (Action No. 1.) ROBERT F. BRENNAN et al., Respondents, v TOWN OF ISLIP et al., Respondents, and COUNTY OF SUFFOLK, Appellant. (Action No. 2.) [896 NYS2d 398]—

In related actions to recover damages for personal injuries, etc., the County of Suffolk, a defendant in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme County, Suffolk County (Farneti, J.), dated April 30, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 2.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the County of Suffolk for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 2 is granted.

The plaintiff Robert F. Brennan (hereinafter the plaintiff) allegedly sustained various personal injuries, when a motor vehicle operated by the defendant Renate Gagliano struck the bicycle he was riding, as both vehicles were traveling through the parking lot of the Oakdale station of the Long Island Rail Road. It is undisputed that, immediately prior to the occurrence of the accident, Gagliano observed a parked bus in front of her, in the parking lot.

The plaintiff and his wife, suing derivatively, subsequently

commenced the present actions against Gagliano and the defendant Town of Islip and County of Suffolk alleging, inter alia, that the County's negligence was a proximate cause of the accident. More specifically, the plaintiffs claimed that the subject bus was owned by the County, and that its employee had parked the bus in such a way that it obstructed the view of both the plaintiff and Gagliano, thus contributing to the occurrence of the accident. However, assuming that the County did, in fact, own the bus, and that the bus had been parked there improperly or illegally, the evidence submitted by the County established its prima facie entitlement to judgment as a matter of law by demonstrating that the bus did not obstruct the view of either party and was not a proximate cause of the accident (*see Miller v Keegan*, 67 AD3d 754 [2009]). Indeed, at her deposition, Gagliano expressly denied that anything obstructed her view as she looked through her front windshield immediately prior to the occurrence. Nor was there anything in the plaintiff's deposition testimony which indicated that the bus obstructed his view of Gagliano's automobile. Gagliano further testified that, immediately prior to the occurrence, the front of her vehicle was two to three car lengths from the rear of the bus. An eyewitness to the accident estimated that the distance between the two vehicles was three to five car lengths.

The plaintiffs' opposition papers failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Notably, the opinions of the plaintiffs' engineering expert were rendered speculative by the lack of evidence in the record as to the exact locations of the stopped bus, the moving bicycle, and the motor vehicle operated by Gagliano immediately prior to the occurrence (*see Jules v Calderon*, 62 AD3d 958 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643, 644 [2008]; *Leslie v Splish Splash at Adventureland*, 1 AD3d 320 [2003]). Furthermore, contrary to the plaintiffs' contention, the motion was not premature, as the plaintiffs failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to oppose the motion were exclusively within the knowledge and control of the County (*see* CPLR 3212 [f]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]).

Accordingly, the Supreme Court should have granted the County's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 2. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.