■ TAWANA HILL, Plaintiff, v AFAF N. ACKALL, Appellant, and METROPOLITAN TRANSIT AUTHORITY BUS COMPANY, Respondent. [895 NYS2d 837]—

In an action to recover damages for personal injuries, the defendant Afaf N. Ackall appeals from an order of the Supreme Court, Queens County (Grays, J.), dated February 6, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Afaf N. Ackall for summary judgment dismissing the complaint insofar as asserted against her is granted.

The Supreme Court should have granted the motion of the defendant Afaf N. Ackall for summary judgment dismissing the complaint insofar asserted against her. Ackall made a prima facie showing of her entitlement to judgment as a matter of law by submitting her affidavit, in which she averred that her vehicle had been stopped at a red light behind the plaintiff's vehicle for approximately one minute, when a bus owned by the defendant Metropolitan Transit Authority Bus Company (hereinafter MTA Bus) struck the rear of her vehicle, causing her vehicle to strike the plaintiff's vehicle (see *Staton v Ilic*, 69 AD3d 606 [2010]; *Garner v Chevalier Transp. Corp.*, 58 AD3d 802 [2009]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736 [2007]). MTA Bus opposed the motion on the grounds that Ackall did not establish

her prima facie entitlement to judgment as a matter of law, and that the motion was premature. However, MTA Bus did not submit any evidence with respect to the merits in opposition to the motion and, thus, failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the contention of MTA Bus, the motion was not premature (see CPLR 3212 [f]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Garner v Chevalier Transp. Corp.*, 58 AD3d at 802). MTA Bus failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d at 737; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.