■ JOSEPHINE ZINNA, Also Known as JOSEPHINE MININNI, Appellant-Respondent, v NATURAL STONE TRADING, INC., Respondents-Appellants. [902 NYS2d 154]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated September 11, 2009, as denied her motion for summary judgment on the issue of liability, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

On August 21, 2007, a multi-vehicle chain-reaction accident occurred on an off-ramp of the Brooklyn-Queens Expressway. One of the vehicles involved in the accident was owned and operated by the plaintiff. Another vehicle involved in the accident was owned by the defendant Natural Stone Trading, Inc., and operated by the defendant Danny David. It is undisputed that David's vehicle was behind the plaintiff's vehicle.

On her motion for summary judgment on the issue of liability, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting an affidavit, in which she stated that while her vehicle was stopped at a red light, it was struck in the rear by David's vehicle (see Oguzturk v General Elec. Co., 65 AD3d 1110 [2009]; Garner v Chevalier Transp. Corp., 58 AD3d 802 [2009]). In opposition to the plaintiff's motion, and in support of their cross motion, in effect, for summary judgment dismissing the complaint, the defendants raised triable issues of fact. Accordingly, the Supreme Court properly denied the plaintiff's motion and the defendants' cross motion. Covello, J.P., Dickerson, Eng and Austin, JJ., concur.