■ JASMINE RIVERA, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. (And a Third-Party Action.) [934 NYS2d 456]—

On March 19, 2008, the plaintiff, a frequent guest of a friend living in an apartment building in the Van Dyke housing project in Brooklyn, was accosted by a man in the elevator of a building therein and then raped on the stairway landing leading to the roof. The plaintiff commenced this action against the New York City Housing Authority (hereinafter the NYCHA) and the City of New York alleging that, as the owner or operator of the building, each was negligent in failing to adequately secure the building. The plaintiff alleged numerous specific acts of negligence, including, among other things, the failure to secure a back door, maintain an operable intercom system, and maintain an adequate video surveillance and camera monitoring system.

Before the completion of discovery, the City moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it or, in the alternative, for

summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, without prejudice to renewal after discovery was complete. The City then moved for leave to reargue its motion. The Supreme Court granted leave to reargue but, upon reargument, adhered to its determination.

The Supreme Court should have granted that branch of the City's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The City established its prima facie entitlement to judgment as a matter of law by submitting proof that it did not own or otherwise control the premises where the crime occurred. Indeed, the record demonstrates that the subject property was owned by the NYCHA, not the City. Moreover, the extent that the plaintiff alleges specific acts of negligence against the City that implicate its governmental function of providing police protection, the City is immune from these claims (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 557-558 [1998]; *Miller v State of New York*, 62 NY2d 506, 512-513 [1984]; *see generally Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. Nor is there a basis to suggest that further discovery may lead to relevant evidence sufficient to oppose the motion (*see* CPLR 3212 [f]; *Brennan v Gagliano*, 71 AD3d 620 [2010]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736 [2007]).

The plaintiff's request for the imposition of a penalty pursuant to CPLR 3126 is improperly made for the first time on appeal.

In light of our determination, it is unnecessary to reach the City's remaining contentions. Mastro, A.P.J. Chambers, Sgroi and Miller, JJ., concur.