█ Diana Service, Appellant, v Nathan S. McCoy et al., Respondents. [16 NYS3d 283]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered October 16, 2014, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff's motor vehicle was struck in the rear by a motor vehicle owned by the defendant National Freight, Inc., and operated by the defendant Nathan S. McCoy, while the plaintiff was operating her vehicle in front of the defendants' vehicle on the Cross Bronx Expressway. The plaintiff commenced this action against the defendants to recover damages for personal injuries, and then moved for summary judgment on the issue of liability. The Supreme Court denied the motion, concluding that the plaintiff failed to meet her prima facie burden of establishing her entitlement to judgment as a matter of law. We reverse.

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Matos v Tai*, 124 AD3d 848 [2015]; *France Herly Bien-Aime v Clare*, 124 AD3d 814, 814 [2015]). Further, "[w]hen the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his [or her] vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Gaeta v Carter*, 6 AD3d 576, 576 [2004]; *see* Vehicle and Traffic Law § 1129 [a]; *Williams v Spencer-Hall*, 113 AD3d 759, 759-760 [2014]; *Taing v Drewery*, 100 AD3d 740, 741 [2012]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating, through her affidavit, that she was operating her vehicle in a lane of the Cross Bronx Expressway, proceeding straight ahead at approximately 30 miles per hour with her foot on the gas pedal, when her vehicle was struck in the rear within her lane of travel, suddenly and without warning, by the defendants' vehicle. Thus, the plaintiff established, prima facie, that McCoy was negligent in failing to maintain a safe distance behind her vehicle, and that she did not contribute to the happening of the accident (*see Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 671 [2013]; *Jumandeo v Franks*, 56 AD3d 614, 614 [2008]).

In opposition, the defendants failed to submit an affidavit from a person with personal knowledge of the facts so as to raise a triable issue of fact as to whether there was a non-negligent explanation for the happening of this rear-end collision, or whether the plaintiff's culpable conduct contributed to the happening of the accident (*see Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]). Further, the defendants could not rely on certain statements in the plaintiff's hospital records to raise a triable issue of fact, since, under the circumstances presented here, the details of how the plaintiff sustained particular injuries and how the accident occurred in this matter were not useful for purposes of her medical diagnosis or treatment and, accordingly, a medical chart entry containing such hearsay statements could not be considered to have been prepared in the regular course of the hospital's business (*cf. Robles v Polytemp, Inc.*, 127 AD3d 1052, 1054 [2015]). Accordingly, the statements contained in the chart entry are not admissible under the business records exception to the hearsay rule. Moreover, the entry was not inconsistent with

the plaintiff's description of the accident, as provided in her affidavit. Consequently, the entry was not admissible as an admission by the plaintiff (*see id.* at 1054).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.