■ HADASSAH SHAINA WITONSKY, an Infant, by Her Father and Natural Guardian, RON J. WITONSKY, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [43 NYS3d 505]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), entered May 15, 2015, as granted that branch of the motion of the defendants New York City Transit Authority and Rudie Lindsay which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 27, 2006, on Kings Highway in Brooklyn, a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA) and operated by the defendant Rudie Lindsay was struck in the rear by a vehicle operated by Bracha Witonsky and owned by the defendant Morris Ausfresser, in which the infant plaintiffs were passengers. Thereafter, the infant plaintiffs, by their father and natural guardian, and their father, individually, commenced this action against, among others, the NYCTA and Lindsay (hereinafter together the defendants). In the order appealed from, the Supreme

Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (*Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]; *Scheker v Brown*, 85 AD3d 1007, 1007 [2011]). "[A] rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Scheker v Brown*, 85 AD3d at 1007; *see Gleason v Villegas*, 81 AD3d 889, 890 [2011]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the bus operated by Lindsay was struck in the rear, suddenly and without warning, by the vehicle operated by Bracha Witonsky (*see Service v McCoy*, 131 AD3d 1038, 1039 [2015]; *Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 671 [2013]). The plaintiffs' submissions in opposition to the motion, including photographs of the vehicles at the accident scene, were insufficient to raise a triable issue of fact as to whether any negligence on the part of the defendants contributed to the accident (*see Le Grand v Silberstein*, 123 AD3d 773, 775 [2014]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.