In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered March 15, 2017, which denied her motion for summary judgment on the issue of the liability of the defendants Hunter EMS, Inc., and Soraya Ileah Quinlan.
 

 Ordered that the order is reversed, on the law, with costs, and the plaintiff’s motion for summary judgment on the issue of the liability of the defendants Hunter EMS, Inc., and Soraya Ileah Quinlan is granted.
 

 On July 8, 2015, the plaintiff was driving her vehicle westbound on Austin Street in Forest Hills, Queens, when her vehicle allegedly was struck in the rear by a vehicle owned by the defendant Hunter EMS, Inc., and operated by the defendant Soraya Ileah Quinlan (hereinafter together the defendants). The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in the subject accident. Before discovery had been completed, the plaintiff moved for summary judgment on the issue of the defendants’ liability. The Supreme Court denied the motion. We reverse.
 

 “A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle” (Nsiah-Ababio v Hunter, 78 AD3d 672, 672 [2010]; see Vehicle and Traffic Law § 1129 [a]; Scheker v Brown, 85 AD3d 1007, 1007 [2011]). “[A] rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision” (Scheker v Brown, 85 AD3d at 1007; see Witonsky v New York City Tr. Auth., 145 AD3d 938, 939 [2016]; Gleason v Villegas, 81 AD3d 889, 890 [2011]).
 

 Here, the plaintiff’s affidavit in support of her motion established her prima facie entitlement to judgment as a matter of law (see Service v McCoy, 131 AD3d 1038, 1039 [2015]). In opposition, the defendants failed to submit an affidavit from a person with personal knowledge of the facts so as to raise a triable issue of fact as to whether there was a non-negligent explanation for the happening of this rear-end collision, or whether any culpable conduct by the plaintiff contributed to the happening of the subject accident (see id. at 1039; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737 [2007]).
 

 Furthermore, contrary to the defendants’ contention, the plaintiff’s motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212 [f]; Kimyagarov v Nixon Taxi Corp., 45 AD3d at 737). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiff’s motion (see Kimyagarov v Nixon Taxi Corp., 45 AD3d at 737).
 

 Accordingly, the Supreme Court should have granted the plaintiff’s motion for summary judgment on the issue of the defendants’ liability.
 

 Rivera, J.P., Hall, Roman and Christopher, JJ., concur.