Russell v J.L. Femia Landscape Servs., Inc. (2018 NY Slip Op 03721)





Russell v J.L. Femia Landscape Servs., Inc.


2018 NY Slip Op 03721


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-10068
 (Index No. 60616/13)

[*1]Lance L. Russell, appellant, 
v
J.L. Femia Landscape Services, Inc., et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L.T. Breakstone and Cybèle Louis of counsel), for appellant.
Mazzara & Small, P.C., Bohemia, NY (Timothy F. Mazzara of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered August 25, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 13, 2013, the plaintiff was operating a motorcycle when he collided with the rear of a vehicle owned by the defendant J.L. Femia Landscape Services, Inc., and operated by the defendant Joseph E. Femia, Jr. (hereinafter together the defendants), in Dix Hills. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. The Supreme Court granted the motion, and the plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Niyazov v Hunter EMS, Inc., 154 AD3d 954; Scheker v Brown, 85 AD3d 1007, 1007). "[A] rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Scheker v Brown, 85 AD3d at 1007; see Tutrani v County of Suffolk, 10 NY3d 906, 908; Niyazov v Hunter EMS, Inc., 154 AD3d at 954; Witonsky v New York City Tr. Auth., 145 AD3d 938, 939).
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint. On their motion, the defendants submitted, inter alia, the certified, verified written statements Femia and nonparty eyewitness Nathaniel Archibald made to the police (see Penal Law § 210.45), which were the equivalent of statements made under oath (see Antaki v Mateo, 100 AD3d 579, 580), and the deposition testimony of Femia and Archibald. This evidence demonstrated that the defendants were not at fault in the subject rear-end collision (see Graham v Courtesy Transp. Servs. Inc., 145 AD3d 966, 967; Lakyanovich v H.L. Gen. Contrs. Inc., 141 AD3d [*2]693, 693-694). In opposition to the defendants' prima facie showing, the plaintiff neither proffered a non-negligent explanation for the rear-end collision nor raised a triable issue of fact as to whether Femia was at fault in the happening of the accident.
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court