Rodriguez-Garcia v Bobby's Bus Co., Inc. (2019 NY Slip Op 06221)





Rodriguez-Garcia v Bobby's Bus Co., Inc.


2019 NY Slip Op 06221


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-10281
 (Index No. 704767/17)

[*1]Sandra Rodriguez-Garcia, appellant,
v
Bobby's Bus Co., Inc., et al., respondents.


Omrani & Taub, P.C., New York, NY (James L. Forde and Michael Taub of counsel), for appellant.
Bamundo Zwal & Schermerhorn, LLP, New York, NY (Pavlo Pavlatos of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 25, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On April 4, 2017, the plaintiff was walking in a crosswalk, with the pedestrian light in her favor, at the intersection of 43rd Avenue and 108th Street in Queens, when she was struck by a bus owned by the defendant Bobby's Bus Co., Inc., and operated by the defendant Remy Pierre. At the time of the accident, the bus was making a right turn from 108th Street onto 43rd Avenue. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting her own affidavit and a certified copy of the police accident report, which demonstrated that she was walking within a crosswalk, with the pedestrian signal in her favor, when the defendants' vehicle failed to yield the right-of-way and struck her (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Lazarre v Gragston, 164 AD3d 574, 575; Torres v Werner Bus Lines, Inc., 157 AD3d 624, 624). In opposition, the defendants failed to raise a triable issue of fact as to as to whether there was a non-negligent explanation for striking the plaintiff.
Furthermore, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Lazarre v Gragston, 164 AD3d at 575; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court