Gaston v Vertsberger (2019 NY Slip Op 07384)





Gaston v Vertsberger


2019 NY Slip Op 07384


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-09794
 (Index No. 501529/17)

[*1]Lycess Gaston, respondent,
v
Maria Vertsberger, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Aleksandr Vakarev, Brooklyn, NY (Harlan Wittenstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 16, 2018. The order granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she was struck while crossing the street at an intersection in Kings County by a vehicle owned and operated by the defendant. The plaintiff subsequently commenced this action to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, failing to yield the right-of-way to him. After joinder of issue, but before depositions had taken place, the plaintiff moved for, inter alia, summary judgment on the issue of liability. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and the defendant appeals.
In support of his motion, the plaintiff submitted, inter alia, his own affidavit, which demonstrated that he was walking within a crosswalk, with the pedestrian signal in his favor, when the defendant's vehicle failed to yield the right-of-way and struck him. This evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Lazarre v Gragston, 164 AD3d 574, 575). In opposition, the defendant failed to raise a triable issue of fact.
Contrary to the defendant's contention, the plaintiff's motion was not premature, as the defendant failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Lazarre v Gragston, 164 AD3d at 575; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiff's motion (see Lazarre v Gragston, 164 AD3d at 575; Niyazov v Hunter EMS, Inc., 154 AD3d at 955; Kimyagarov [*2]v Nixon Taxi Corp., 45 AD3d at 737).
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court