Weaver v DeRonde Tire Supply, Inc. (2022 NY Slip Op 04476)

Weaver v DeRonde Tire Supply, Inc.

2022 NY Slip Op 04476

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

442 CA 21-00569

[*1]RYAN WEAVER, PLAINTIFF-RESPONDENT,
v
DERONDE TIRE SUPPLY, INC., DERONDE CASINGS, LTD., DERONDE TIRE COMPANY, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered April 14, 2021. The order, insofar as appealed from, denied the motion of defendants DeRonde Tire Supply, Inc., DeRonde Casings, Ltd., and DeRonde Tire Company for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for personal injuries he sustained while unloading tires from a truck in the course of his employment. Defendants DeRonde Tire Supply, Inc., DeRonde Casings, Ltd., and DeRonde Tire Company (collectively, defendants) appeal from that part of an order that denied their motion for summary judgment dismissing the complaint against them.
Contrary to defendants' contention, we conclude that, although defendants met their initial burden on their motion by submitting evidence establishing as a matter of law that they were not negligent (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), plaintiff raised a triable issue of fact in opposition in that regard (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
With respect to plaintiff's opposition papers, defendants contend that Supreme Court erred in considering, inter alia, the affidavit and amended affidavit of a nonparty witness because, among other things, plaintiff's responding papers were untimely, and plaintiff failed to disclose the identity of the nonparty witness in question during the discovery process. Defendants failed to preserve for our review the latter contention, which is actually a contention that the court should have sanctioned plaintiff for a discovery violation by refusing to consider the affidavit and amended affidavit, inasmuch as a "request for the imposition of a penalty pursuant to CPLR 3126 is improperly made for the first time on appeal" (Rivera v City of New York, 90 AD3d 735, 736 [2d Dept 2009]; see Matter of Rulinsky v West, 107 AD3d 1507, 1510 [4th Dept 2013]; see also McClain v Lockport Mem. Hosp., 236 AD2d 864, 865 [4th Dept 1997], lv denied 89 NY2d 817 [1997]). Furthermore, contrary to defendants' contention, the court did not abuse its discretion in considering plaintiff's responding papers despite the minimal delay in submitting them, inasmuch as courts have the "discretion to overlook late service where[, as here,] the [ ]moving party sustains no prejudice" (Matter of Jordan v City of New York, 38 AD3d 336, 338 [1st Dept 2007]; see CPLR 2004, 2214 [c]; Bucklaew v Walters, 75 AD3d 1140, 1141 [4th Dept 2010]). We have reviewed defendants' remaining contentions concerning plaintiff's submissions, and we conclude that those contentions lack merit. Contrary to defendants' final contention, they failed to establish as a matter of law that the acts of one of plaintiff's coworkers constituted an intervening, superseding cause of plaintiff's injuries that relieved defendants of liability (see Kuligowski v One Niagara, LLC, 177 [*2]AD3d 1266, 1267 [4th Dept 2019]; see generally Hain v Jamison, 28 NY3d 524, 529 [2016]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court