**Sanchez v Efficiency Enters., Inc.**

2024 NY Slip Op 34620(U)

November 14, 2024

Supreme Court, Kings County

Docket Number: Index No. 506214/2024

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 14th day of November 2024

HONORABLE FRANCOIS A. RIVERA

----------------------------------------------------------------------X

JAYLYN ALEXANDRA SANCHEZ,

                      Plaintiff,

           - against -

EFFICIENCY ENTERPRISES, INC., EMPIRE MERCHANTS, and CARMINE MASI

               Defendants.

----------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 506214/2024

Oral Argument: 9/12/2024

Cal. No.: 47

Ms. No.: 1

       Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on June 4, 2024, under motion sequence number one, by Jaylyn Alexandra Sanchez (hereinafter plaintiff or movant) for an order granting plaintiff summary judgment on the issue of liability against Efficiency Enterprises, Inc., Empress Merchants[1], and Carmine Masi (hereinafter collectively the defendants) and striking defendants' affirmative defenses from these defendants' answer as they apply to plaintiff's alleged comparative fault. The motion is opposed.

-Notice of motion
-Affirmation in support
      Exhibits 1-6
-Statement of material facts
-Affirmation in opposition
      Exhibits A-B
-Counter Statement of material facts
-Affirmation in reply
      Exhibit 1

---

[1] The notice of motion incorrectly named defendant Empire Merchants as Empress Merchants. The affirmation of plaintiff' counsel incorrectly named Empire Merchants as Empiree Merchants. The error is disregarded pursuant to CPLR 2001.

## BACKGROUND

On March 1, 2024, the plaintiff commenced this action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On March 26, 2024, the defendants interposed and filed a joint verified answer with the KCCO.

Plaintiff's verified complaint and affidavit allege the following salient facts. On December 4, 2023, at approximately 1:30 p.m., plaintiff was driving in the left lane eastbound on the Brooklyn-Queens Expressway in Brooklyn, New York in a 2013 Ford Edge bearing New York license plate number JPY5617.

At the same time, date, and place, defendant Carmine Masi was operating a 2018 International tractor-trailer bearing New York license plate number 60252PC (hereinafter the adverse vehicle) within the course of his employment with defendant Empire Merchants, LLC. The adverse vehicle was owned by defendant Efficiency Enterprise, Inc. At that time, place, and date, the front of the adverse vehicle struck the rear of plaintiff's vehicle seriously injuring the plaintiff.

## LAW AND APPLICATION

A plaintiff moving for summary judgment on the issue of liability in a negligence action "must establish, prima facie, that the defendant breached a duty owed to the plaintiff" and the defendant's negligent actions were a "proximate cause of the alleged injuries" (*Hall v Powell*, 183 AD3d 576, 577 [2d Dept 2020]). "A rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-

[* 2]

negligent explanation for the collision" (*Witonsky v New York City Tr. Auth.*, 145 AD3d 938, 939 [2d Dept 2016], quoting *Scheker v Brown*, 85 AD3d 1007, 1007 [2d Dept 2011]); *Hall v Powell*, 183 AD3d 576, 577 [2d Dept 2020]; *Tsyganash v Auto Mall Fleet Mgt., Inc.*, 163 AD3d 1033, 1034 [2d Dept 2018]).

"A motion for summary judgment shall be supported by an affidavit, by a copy of the pleadings and by other available proof, such as, depositions and written admissions" (*Poon v Nisanov*, 162 AD3d 804, 806 [2d Dept 2018], citing CPLR 3212 [b]); *Marriot v Jackson*, 67 Misc 3d 1211(A) [Sup Ct, Kings County 2020]).

In support of her motion, the plaintiff submitted among other things, her own affidavit, and a copy of a certified police accident report. "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (*Witonsky,* 145 AD3d 938 at 939, citing *Nsiah-Ababio v Hunter,* 78 AD3d 672, 672 [2d Dept 2010]; Vehicle and Traffic Law § 1129 [a]). Here, the defendant breached a duty owed to the plaintiff, thus causing the subject accident. The plaintiff also established prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence against the plaintiff by demonstrating that she was not at fault in the happening of the accident (*Quintanilla v Mark*, 210 AD3d 713, 714 [2d Dept 2018]).

The defendants admitted in their joint verified answer that Efficiency Enterprises, Inc. owned the adverse vehicle and that Carmine Masi was driving the adverse vehicle within the scope of his employment with Empire Merchants. "Facts admitted by a party's

pleadings constitute formal judicial admissions" (*Zegarowicz v Ripatti*, 77 AD3d 650, 653 [2d Dept 2010], citing *Falkowski v 81 & 3 of Watertown.*, 288 AD2d 890, 891 [4th Dept 2001]). "Formal judicial admissions are conclusive of the facts admitted in the action in which they are made" (*Zegarowicz*, 77 AD3d at 653, citing *Coffin v Grand Rapids Hydraulic Co.*, 136 NY 655 [1893].

Defendants also contended that the plaintiff's motion was premature because no party had yet been deposed. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Kagan v Ameriprise Fin. Servs, Inc.*, 191 AD3d 654, 656 [2d Dept 2021], quoting *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2d Dept 2013]). "The mere hope or speculation that evidence to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny a motion for summary judgment" (*Paul v Village of Quogue*, 178 AD3d 942, 944 [2d Dept 2019]). Further, defendants have failed to establish how further discovery may lead to the disclosure of facts material and necessary to properly oppose plaintiff's motion (*see Adler v Oxford Health Plans (NY), Inc.*, – NYS3d –, 2024 NY Slip Op 05585 [2d Dept 2024]. In sum, plaintiff met her prima facie burden demonstrating that the defendants violated Vehicle and Traffic Law § 1129 (a) thus shifting the burden to the defendants to offer a non-negligent explanation for the subject accident. The defendants did not do so.

[* 4]

**CONCLUSION**

The branch of the motion by plaintiff Jaylyn Alexandra Sanchez for an order granting plaintiff summary judgment on the issue of liability against defendants Efficiency Enterprises, Inc., Empress Merchants, and Carmine Masi is granted.

The branch of the motion by plaintiff Jaylyn Alexandra Sanchez for an order striking defendants' affirmative defenses as they apply to plaintiff's alleged comparative fault is granted.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.

HON. FRANCOIS A. RIVERA