Merino v Ferrante (2025 NY Slip Op 04984)

Merino v Ferrante

2025 NY Slip Op 04984

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-04186
 (Index No. 525467/23)

[*1]Jonathan Sanchez Merino, respondent, 
v
Karen Ferrante, appellant.

John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Sanders Aronova Grossman Woycik Viener & Kalant, PLLC, Garden City, NY (Melissa C. Ingrassia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an amended order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated May 22, 2024. The amended order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's first and second affirmative defenses.
ORDERED that the amended order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle he was operating was struck in the rear by a vehicle operated by the defendant. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's first and second affirmative defenses, which alleged, respectively, comparative fault and failure to wear a seat belt. The defendant opposed the motion on the ground that it was premature. In an amended order dated May 22, 2024, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant[ ] breached a duty owed to the plaintiff and that the defendant['s] negligence was a proximate cause of the alleged injuries" (Montalvo v Cedeno, 170 AD3d 1166, 1167; see Maurice v Donovan, 235 AD3d 633). "A plaintiff is not required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Martin v Copado-Esquivel, 226 AD3d 668, 670; see Rodriguez v City of New York, 31 NY3d 312). However, while "a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d 1028, 1029). "'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Montalvo v Cedeno, 170 AD3d at 1167, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § [*2]1129[a]).
Here, the plaintiff established, prima facie, through the submission of his affidavit, that the defendant was negligent in striking the plaintiff's vehicle in the rear, regardless of whether the plaintiff's vehicle was moving or stopped at the time of the collision (see Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 915; Lopez v Suggs, 186 AD3d 589, 590; Service v McCoy, 131 AD3d 1038, 1039). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging comparative negligence by demonstrating that the plaintiff was not at fault in the happening of the accident (see Maurice v Donovan, 235 AD3d 633; Guralenko v New York City Tr. Auth., 220 AD3d 847, 848; Mahmud v Feng Ouyang, 208 AD3d 861, 862). Further, the plaintiff established his prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging failure to wear a seat belt by presenting evidentiary proof in admissible form that he was wearing a seat belt during the accident (see Maurice v Donovan, 235 AD3d 633; Giwa v Bloom, 154 AD3d 921, 923; Rockman v Brosnan, 242 AD2d 695, 696).
In opposition, the defendant "failed to submit an affidavit from a person with personal knowledge of the facts either denying the plaintiff['s] allegations or offering a nonnegligent explanation for the collision" (Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737; see Maurice v Donovan, 235 AD3d 633).
Contrary to the defendant's contention, he failed to establish that the plaintiff's motion was premature. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, '[a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Skura v Wojtlowski, 165 AD3d 1196, 1200 [citations and internal quotation marks omitted], quoting Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308; see Gaston v Vertsberger, 176 AD3d 919, 920). "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Branach v Belvedere VIII, LLC, 189 AD3d 1531, 1532, quoting Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518). Here, the defendant did not demonstrate that the need to conduct depositions warranted denial of the motion. The defendant's mere hope or speculation that evidence might be uncovered was insufficient to deny the motion (see Yonghong Xia v Zhao Xian Zeng, 219 AD3d at 917; Quintanilla v Mark, 210 AD3d 713; Mahmud v Feng Ouyang, 208 AD3d at 862).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's first and second affirmative defenses (see Maurice v Donovan, 235 AD3d 633; Yonghong Xia v Zhao Xian Zeng, 219 AD3d at 917; Montalvo v Cedeno, 170 AD3d at 1167).
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court