Diaz v Jhedrian Logistics Corp.

2026 NY Slip Op 02104

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Glenda Ortega Diaz, et al., respondents,

v

Jhedrian Logistics Corp., et al., defendants, Jose Arce, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-12886, (Index No. 701372/23)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Jennifer S. Adams, Williamsville, NY (Richard C. Ertel of counsel), for appellant.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant Jose Arce appeals from an order of the Supreme Court, Queens County (Laurentina S. McKetney Butler, J.), dated September 16, 2024. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.

ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Jose Arce for summary judgment dismissing the complaint insofar as asserted against him is granted.

The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. At the time of the accident, the plaintiffs were passengers in a vehicle operated by the defendant Jose Arce (hereinafter the defendant) that allegedly was struck in the rear by a vehicle owned by the defendant Jhedrian Logistics Corp. (hereinafter Jhedrian). Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated September 16, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709).

Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. In support of his motion, the defendant submitted an affidavit demonstrating that he was not at fault in the happening of the accident (see Witonsky v New York City Tr. Auth., 145 AD3d 938, 939; Service v McCoy, 131 AD3d 1038, 1039). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs did not submit an affidavit or other evidentiary material to rebut the defendant's prima facie showing, and they failed to demonstrate that the motion was premature (see CPLR 3212[f]; Forte v City of New York, 237 AD3d 1164, 1165; Fieldman v Bambi Assoc., Inc., 231 AD3d 790, 791).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court