■ LORRAINE PISANI, Appellant, v FIRST CLASS CAR AND LIMOUSINE SERVICE CORP., Defendants, and RUBEN BELLO, Respondent. [920 NYS2d 32]—

Defendant met his initial burden of proof of establishing that plaintiff's injuries were not, as a matter of law, serious within the meaning of Insurance Law § 5102 (d). Defendant submitted the report of an orthopedic surgeon who determined that plaintiff had a normal range of motion in the cervical and lumbar spine. Defendant also demonstrated that plaintiff's injuries were not causally related to the accident through the report of a radiologist, who opined that the minimal disc bulges and hypertrophic changes of the facet joints were degenerative and preexisted the accident (see Jacobs v Rolon, 76 AD3d 905, 905 [2010]). In addition, defendant demonstrated that plaintiff did not sustain a 90/180-day injury by submitting her deposition testimony wherein she admitted that she missed only three days of work following the accident (see Ortiz v Ash Leasing, Inc., 63 AD3d 556, 557 [2009]).

Plaintiff, however, raised issues of fact as to whether she sustained a serious injury under the categories of permanent consequential limitation of use of a body organ or member and/or significant limitation of use of a body function or system (see Insurance Law § 5102 [d]). Plaintiff's treating chiropractor and her treating orthopedist determined, based on objective, quantitative tests, that plaintiff had significant limitations in range of motion in both her cervical and lumbar spine. The chiropractor examined plaintiff on the day after the accident. The chiropractor therefore performed tests immediately after the accident as well as a year and one-half later. Plaintiff's orthopedist performed tests eight months after the accident and on at least four other occasions over the ensuing year. Both opined that, based on plaintiff's history, her impairments were causally related to the accident. These findings conflicted with those of defendant's experts and raised an issue of credibility to be resolved by the trier of fact (see Jacobs, 76 AD3d at 905). Dismissal of plaintiff's 90/180-day claim was appropriate since plaintiff has failed to raise any issue of fact with respect to this category. Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ.