■ Jose Fonteboa, Plaintiff, v Nugget Cab Corp. et al., Respondents, and Charles Brucculeri et al., Appellants. [999 NYS2d 113]——

In an action to recover damages for personal injuries, the defendants Charles Brucculeri and Catherine Brucculeri appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), dated December 20, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the defendants Nugget Cab Corp. and Aamir Butt, and the motion of the defendants Charles Brucculeri and Catherine Brucculeri for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

This action arises out of a three-car, chain-reaction collision. The plaintiff, Jose Fonteboa, was the driver of the lead car, which allegedly was stopped at a traffic light. The defendants Catherine Brucculeri and Charles Brucculeri (hereinafter together the Brucculeris) occupied the second vehicle, which was operated by Catherine Brucculeri. According to the deposition testimony of Catherine Brucculeri, she brought the Brucculeri vehicle to a full stop approximately 10 feet behind the plaintiff's vehicle. The defendants Nugget Cab Corp. and Aamir Butt (hereinafter together the Nugget defendants) are the owner and operator, respectively, of the third car, which, according to Catherine Brucculeri's deposition testimony, struck the Brucculeri vehicle in the rear, propelling it into the plaintiff's vehicle. The Brucculeris moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against

them, and the Supreme Court denied their motion. The Brucculeris appeal.

The Brucculeris established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Catherine Brucculeri brought the Brucculeri vehicle safely to a stop behind the plaintiff's vehicle before the Brucculeri vehicle was struck in the rear a few seconds later by the Nugget defendants' vehicle (*see Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]; *Hill v Ackall*, 71 AD3d 829, 829-830 [2010]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 876-877 [2007]). In opposition, the Nugget defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the Brucculeris' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them (*see Escobar v Rodriguez*, 243 AD2d 676, 676 [1997]). Skelos, J.P., Balkin, Austin and Barros, JJ., concur.