■ BONNIE R. NIOSI et al., Respondents, v PAUL D. JONES, Respondent, and WENDY M. ZUCKER, Appellant. [19 NYS3d 550]—

In an action to recover damages for personal injuries, etc., the defendant Wendy M. Zucker appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered July 1, 2014, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellant, payable by the defendant-respondent and the plaintiffs-respondents, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.

This action arises out of a three-car, chain reaction collision. On October 29, 2011, at approximately 11:00 a.m., the plaintiff Bonnie R. Niosi (hereinafter the injured plaintiff) was the driver of the lead vehicle involved in the accident, and was stopped at a traffic light in the right lane for westbound traffic on Jericho Turnpike. The defendant Wendy M. Zucker owned and operated the second vehicle involved in the accident, and the third vehicle was owned and operated by the defendant Paul D. Jones. It was raining when the accident occurred, and the road was wet. The injured plaintiff, and her husband suing derivatively, subsequently commenced this action against Zucker and Jones.

The injured plaintiff testified at her deposition that she had been stopped at the red light for close to a minute, with Zucker's vehicle stopped within five feet behind her vehicle, when she heard two bangs. As she heard the second bang, her vehicle was struck in the rear by Zucker's vehicle.

Zucker testified at her deposition that her vehicle was stopped and her foot was on her brake pedal when her vehicle was struck in the rear by Jones's vehicle. The red light had turned green a couple of seconds before the impact. The impact caused her vehicle to be pushed into the injured plaintiff's vehicle.

Jones testified at his deposition that before the accident he

had come to a complete stop behind Zucker's vehicle. The light turned green, and he removed his foot from his brake and started moving because he thought the other cars had started moving. When he realized that he was getting closer to Zucker's vehicle he applied pressure to his brakes, but his vehicle skidded into Zucker's vehicle because the road was wet. The impact caused Zucker's vehicle to move forward 10 feet and come into contact with the injured plaintiff's vehicle. He testified that Zucker's vehicle "might have been . . . rolling" just before his vehicle struck it.

After discovery, Zucker moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court denied the motion, and Zucker appeals.

In a multi-vehicle, chain reaction accident, when the operator of a vehicle that was propelled into another vehicle by a following vehicle presents evidence that he or she was able to safely bring his or her vehicle to a stop behind the lead vehicle before being struck in the rear by a following vehicle, that operator has established his or her prima facie entitlement to judgment as a matter of law (*see Fonteboa v Nugget Cab Corp.*, 123 AD3d 759, 760 [2014]; *Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]; *Good v Atkins*, 17 AD3d 315, 316 [2005]; *Elezovic v Harrison*, 292 AD2d 416, 417 [2002]). Thus, "[i]n chain collision accidents, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was struck from behind by the rear vehicle and propelled into the lead vehicle" (*Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675, 676 [2014]; *see Strickland v Tirino*, 99 AD3d 888, 890 [2012]).

Here, Zucker established her prima facie entitlement to judgment as a matter of law by submitting the parties' deposition testimony, which demonstrated that prior to the accident her vehicle was stopped behind the injured plaintiff's vehicle, and that it was propelled into the injured plaintiff's vehicle after it was struck in the rear by Jones's vehicle (*see Fonteboa v Nugget Cab Corp.*, 123 AD3d at 760).

In opposition, the plaintiffs and Jones failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, Jones's testimony that Zucker's vehicle "might have been . . . rolling" just before his vehicle struck it did not raise a triable issue of fact as to whether Zucker's actions were a proximate cause of the collision with the injured plaintiff's vehicle (*see e.g. Strickland v Tirino*, 99 AD3d at 890).

Accordingly, the Supreme Court should have granted

Zucker's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.