■ Chuk Hwa Shin et al., Plaintiffs, v Rocco Correale, Appellant, and Betty Mazzei, Respondent. [36 NYS3d 213]—

In an action to recover damages for personal injuries, the defendant Rocco Correale appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered May 19, 2015, which granted the motion of the defendant Betty Mazzei for sum-

mary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Betty Mazzei which was for summary judgment dismissing the complaint insofar as asserted against her is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

This appeal arises out of a chain reaction, multi-vehicle collision. The lead vehicle in the chain was operated by the plaintiff Chuk Hwa Shin, and the plaintiff Chuk Hee Kim was a passenger in that vehicle. The middle vehicle was operated by the defendant Betty Mazzei. The third, and last, vehicle in the chain was operated by the defendant Rocco Correale. The plaintiffs commenced this action against Mazzei and Correale to recover damages for personal injuries. Mazzei moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her on the ground that she was stopped behind the plaintiffs' vehicle when her vehicle was struck in the rear by Correale's vehicle and propelled into the rear of the plaintiffs' vehicle. Only Correale opposed the motion. The Supreme Court granted Mazzei's motion. Correale appeals.

In a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle (*see Niosi v Jones*, 133 AD3d 578, 580 [2015]; *Fonteboa v Nugget Cab Corp.*, 123 AD3d 759, 760 [2014]; *Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675, 676 [2014]).

Here, Mazzei established her prima facie entitlement to judgment as a matter of law dismissing all cross claims asserted against her by submitting evidence demonstrating that prior to striking the rear of the plaintiffs' vehicle, her vehicle was stopped behind the plaintiffs' vehicle and was propelled into the plaintiffs' vehicle after it was struck in the rear by Correale's vehicle (*see Niosi v Jones*, 133 AD3d at 580; *Fonteboa v Nugget Cab Corp.*, 123 AD3d at 760). In opposition, Correale failed to raise a triable issue of fact.

Correale's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch

of Mazzei's motion which was for summary judgment dismissing all cross claims asserted against her. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.