■ CAROL Y. MORALES, Respondent, v CHRIS A. AMAR et al., Appellants, and STEPHANIE A. RYAN, Respondent. [42 NYS3d 865]—

In an action to recover damages for personal injuries, the defendants Chris A. Amar and R & C Delivery Services Corp. ap-

peal from (1) an order of the Supreme Court, Nassau County (K. Murphy, J.), entered January 14, 2016, which granted the motion of the defendant Stephanie A. Ryan for summary judgment dismissing the complaint insofar as asserted against her and their cross claim against her, and granted the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against them, and (2) a judgment of the same court dated February 2, 2016, which, upon the order, is in favor of the defendant Stephanie A. Ryan dismissing the complaint insofar as asserted against her and their cross claim against her, and is in favor of the plaintiff on the issue of liability insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Stephanie A. Ryan which was for summary judgment dismissing the complaint insofar as asserted against her and from so much of the judgment as dismissed the complaint insofar as asserted against the defendant Stephanie A. Ryan is dismissed, as the defendants Chris A. Amar and R & C Delivery Services Corp. are not aggrieved by those portions of the order and the judgment (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156 [2010]); and it is further,

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Stephanie A. Ryan which was for summary judgment dismissing the cross claim of the defendants Chris A. Amar and R & C Delivery Services Corp. asserted against her is dismissed; and it is further,

Ordered that the appeal from so much of the judgment as dismissed the complaint is dismissed, as the defendants Chris A. Amar and R & C Delivery Services Corp. are not aggrieved by that portion of the judgment (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156 [2010]); and it is further;

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the defendant Stephanie A. Ryan.

The appeal from so much of the order as granted that branch of the motion of the defendant Stephanie A. Ryan which was for summary judgment dismissing the cross claim asserted against her must be dismissed, because the right of direct appeal therefrom terminated with the entry of judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from so much of the judgment as is in favor of Stephanie A. Ryan dismissing the cross claim asserted against her (*see* CPLR 5501 [a] [1]).

This action arises from a multiple-vehicle collision that occurred on October 27, 2014, on the Long Island Expressway. The lead vehicle was operated by the plaintiff. The second vehicle was operated by the defendant Stephanie A. Ryan. The third vehicle was operated by the defendant Chris A. Amar and owned by the defendant R & C Delivery Services Corp. (hereinafter together the appellants). The plaintiff commenced this action against Ryan and the appellants to recover damages for personal injuries. Before discovery had been completed, Ryan moved for summary judgment dismissing the complaint insofar as asserted against her and the cross claim asserted against her by the appellants on the ground that she bore no liability for the accident, as her vehicle was stopped behind the plaintiff's vehicle when her vehicle was struck in the rear by the appellants' vehicle and propelled into the rear of the plaintiff's vehicle. The plaintiff moved for summary judgment on the issue of liability insofar as asserted against the appellants. The Supreme Court granted both motions. Judgment was entered accordingly in favor of Ryan, dismissing the complaint insofar as asserted against her and the cross claim against her, and in favor of the plaintiff on the issue of liability against the appellants. The appellants appeal from the order and the judgment.

"In a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (*Chuk Hwa Shin v Correale*, 142 AD3d 518, 519 [2016]; *see Niosi v Jones*, 133 AD3d 578, 580 [2015]; *Fonteboa v Nugget Cab Corp.*, 123 AD3d 759, 760 [2014]; *Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675, 676 [2014]). Here, Ryan established her prima facie entitlement to judgment as a matter of law dismissing the cross claim asserted against her by the appellants by submitting evidence that, prior to striking the rear of the plaintiff's vehicle, which had been stopped due to traffic, she had been stopped behind the plaintiff's vehicle and was propelled into the plaintiff's vehicle after her vehicle was struck in the rear by the appellants' vehicle (*see Chuk Hwa Shin v Correale*, 142 AD3d at 519; *Niosi v Jones*, 133 AD3d at 580; *Fonteboa v Nugget Cab Corp.*, 123 AD3d at 760). In opposition, the appellants failed to raise a triable issue of fact. The appellants proffered only their attorney's affirmation, which, standing alone, was insufficient to raise a triable issue of fact (*see* CPLR 3212 [b]; *Gallo v Jairath*, 122 AD3d 795, 797 [2014]).

To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Adams v Bruno*, 124 AD3d 566, 567 [2015]). Here, relying on Ryan's affidavit, in which she stated that the plaintiff's vehicle was stopped in traffic before it was struck in the rear by her vehicle, which was then propelled into the plaintiff's vehicle by the appellants' vehicle, the plaintiff demonstrated that she was not at fault in the happening of the accident and that the appellants were the sole proximate cause of the accident (*see De Castillo v Sormeley*, 140 AD3d 918, 920 [2016]). In opposition, the appellants failed to raise a triable issue of fact.

The appellants' contention that the motions should have been denied as premature pursuant to CPLR 3212 (f) is without merit. A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (*see* CPLR 3212 [f]; *Suero-Sosa v Cardona*, 112 AD3d 706, 708 [2013]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *Woodard v Thomas*, 77 AD3d 738, 740 [2010]). Here, the appellants, who relied solely on their attorney's affirmation, failed to set forth either basis, and the "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion" (*Suero-Sosa v Cardona*, 112 AD3d at 708 [internal quotation marks omitted]; *see Williams v Spencer-Hall*, 113 AD3d 759, 760-761 [2014]; *Westport Ins. Co. v Altertec Energy Conservation, LLC*, 82 AD3d 1207, 1212 [2011]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of Ryan's motion which was for summary judgment dismissing the cross claim against her and properly granted the plaintiff's motion for summary judgment on the issue on the liability insofar as asserted against the appellants. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.