Enid Diaz, Plaintiff-Appellant, 
against
Sanjar Khaydarou, Kings Auto Leasing, Inc. and Lemacio Alvarez, Defendants-Respondents, -and- Mega Radio Dispatcher Inc., Defendant.



Plaintiff, as limited by her briefs, appeals from (1) those portions of an order of the Civil Court of the City of New York, Bronx County (Paul L. Alpert, J.), entered May 11, 2016, which granted defendants' motions for summary judgment dismissing the complaint on the threshold issue of "serious injury" within the meaning of Insurance Law § 5102(d), and denied plaintiff's cross motion for summary judgment on liability against defendants Khaydarou and Kings Auto Leasing, Inc., and (2) an order (same court and Judge), entered July 6, 2016, denying plaintiff's motion to renew.




Per Curiam.
Order (Paul L. Alpert, J.), entered May 11, 2016, insofar as appealed from, modified to deny defendants' motions for summary judgment dismissing plaintiff's claims of significant or permanent consequential limitations, and to grant plaintiff's cross motion for partial summary judgment on the issue of liability as against defendants Khaydarou and Kings Auto Leasing, Inc.; as modified, order affirmed, with $10 costs. Order (Paul L. Alpert. J.) entered July 6, 2016, affirmed, without costs.
Defendants made a prima facie showing that plaintiff did not sustain a serious injury by submitting the affirmed reports of an orthopedist and a neurologist who examined plaintiff, reviewed medical records, and found plaintiff without disability and with full range of motion (see Brownie v Redman, 145 AD3d 636 [2016]). 
In opposition, plaintiff raised triable issues of fact as to whether she suffered permanent or significant injuries causally related to the underlying automobile accident, by submitting [*2]medical reports of physicians who examined and treated her in the near aftermath of the accident, and a doctor who examined her two years later, quantifying persistent and significant limitations of movement, and reporting positive test results, all causally linked to the accident (see Reyes v Se Park, 127 AD3d 459 [2015]). The progress notes and other unaffirmed records submitted by plaintiff are properly considered on the motion, as they were reviewed by defendants' doctors in connection with their evaluations of plaintiff, and were not the only evidence in opposition (see Reyes v Se Park, 127 AD3d at 461; Boateng v Ye Yiyan, 119 AD3d 424, 425 [2014]).
However, dismissal of the 90/180—day claim was proper, since plaintiff's deposition testimony did not establish that she was unable to perform "substantially all" of her usual and customary daily activities for the statutory period (see Coley v DeLarosa, 105 AD3d 527, 528-529 [2013]; Pisani v First Class Car & Limousine Serv. Corp., 82 AD3d 596, 597 [2011]). The fact that a plaintiff missed more than 90 days of work is not dispositive of a 90/180-day claims (see Bailey v Islam, 99 AD3d 633, 634 [2012]; Blake v Portexit Corp., 69 AD3d 426, 426-427 [2010]).
Civil Court properly denied renewal, as plaintiff failed to present a reasonable justification for her failure to produce the information on her initial submission (CPLR 2221[e]).
Plaintiff established her entitlement to judgment as a matter of law as against defendants Khaydarou and Kings Auto Leasing, Inc. [Kings Auto], on the issue of liability, by submitting evidence demonstrating that she brought her vehicle safely to a stop behind the lead vehicle, owned by defendant Alverez, before her vehicle was struck in the rear a few seconds later by the Kings Auto/Khaydarou vehicle and was propelled into the Alverez vehicle (see Chuk Hwa Shin v Correale, 142 AD3d 518, 519 [2016]; Niosi v Jones, 133 AD3d 578, 579 [2015]; Fonteboa v Nugget Cab Corp, 123 AD3d 759, 760 [2014]). "In chain collision accidents, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was struck from behind by the rear vehicle and propelled into the lead vehicle" (Kuris v El Sol Constr. Corp., 116 AD3d 675, 676 [2014]). In opposition, defendants Khaydarou and Kings Auto failed to raise an issue of fact. A claim by the rear driver that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence (see Bajrami v Twinkle Cab Corp., 147 AD3d 649 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 24, 2017