Arellano v Richards (2018 NY Slip Op 04690)





Arellano v Richards


2018 NY Slip Op 04690


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-07485
 (Index No. 8734/16)

[*1]Ana Arellano, plaintiff, 
v
Karen M. Richards, respondent, Jonathan M. Goll, appellant.


Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Jonathan M. Goll appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered March 20, 2017. The order denied the motion of the defendant Jonathan M. Goll for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Jonathan M. Goll for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
On October 12, 2015, a vehicle owned and operated by the defendant Jonathan M. Goll allegedly was struck in the rear by a vehicle owned and operated by the defendant Karen M. Richards, which caused the Goll vehicle to be propelled forward and strike the rear of a vehicle owned and operated by nonparty Jose Arellano in which the plaintiff was a passenger (hereinafter the Arellano vehicle). The plaintiff subsequently commenced this action against Goll and Richards to recover damages for personal injuries. After joinder of issue, but before discovery was complete, Goll moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion, and Goll appeals.
" In a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle'" (Morales v Amar, 145 AD3d 1000, 1002, quoting Chuk Hwa Shin v Correale, 142 AD3d 518, 519). In support of his motion, Goll established his prima facie [*2]entitlement to judgment as a matter of law by demonstrating that prior to striking the rear of the Arellano vehicle, his vehicle was stopped behind the Arellano vehicle and was propelled into the Arellano vehicle after it was struck in the rear by the Richards vehicle (see Morales v Amar, 145 AD3d at 1003; Chuk Hwa Shin v Correale, 142 AD3d at 518; Niosi v Jones, 133 AD3d 578, 580; Fonteboa v Nugget Cab Corp., 123 AD3d 759, 760). This evidence provided Goll with a nonnegligent explanation for his part in the accident (see Williams v Sala, 152 AD3d 729). In opposition, Richards failed to raise a triable issue of fact as to Goll's negligence in the happening of the accident.
Accordingly, the Supreme Court should have granted Goll's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court