Martinez v Kuhl (2018 NY Slip Op 06728)





Martinez v Kuhl


2018 NY Slip Op 06728


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-08125
 (Index No. 611954/15)

[*1]Abraham Martinez, et al., appellants, 
v
Richard J. Kuhl, et al., defendants, Helena Kim, et al., respondents.


Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman and Antonio Marano of counsel), for appellants.
Jennifer S. Adams, Lake Success, NY (Jaret SanPietro of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated June 22, 2017. The order, insofar as appealed from, upon renewal, granted that branch of the motion of the defendants Andrew M. Kim and Helena Kim which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This appeal concerns a chain reaction collision involving four vehicles. It is alleged that the first vehicle was operated by the plaintiff Abraham Martinez, the second vehicle was owned and operated by the defendants Andrew M. Kim and Helena Kim (hereinafter together the Kims), respectively, the third vehicle was owned and operated by the defendant Harold W. Roberts, and the fourth, rear-most vehicle, was owned and operated by the defendants Virginia Kuhl-Thomas and Richard J. Kuhl, respectively. At the time of the accident, the plaintiffs Teofila Martinez and Maria Navarro were passengers in the vehicle driven by Abraham Martinez. The plaintiffs commenced this action against the Kims and the codefendants to recover damages for personal injuries, alleging that they were negligent in, among other things, the ownership and operation of their respective vehicles.
After joinder of issue, and prior to discovery being complete, the Kims moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. That motion was denied in an order of the Supreme Court dated on September 12, 2016. The Kims subsequently moved pursuant to CPLR 2221(e) for leave to renew the prior motion and, thereupon, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not liable in the happening of the accident. The court, in an order dated June 22, 2017, upon renewal, inter alia, granted that branch of the Kims' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal, as limited by their brief, from so much of this order as, upon renewal, granted that branch of the Kims' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
Contrary to the plaintiffs' assertion, the Kims established their prima facie entitlement [*2]to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that, prior to striking the rear of the plaintiffs' stopped vehicle, their vehicle was stopped behind the plaintiffs' vehicle at a red light and was propelled into the plaintiffs' stopped vehicle after their vehicle was struck in the rear by the vehicle owned and operated by Roberts (see Morales v Amar, 145 AD3d 1000; Chuk Hwa Shin v Correale, 142 AD3d 518; Niosi v Jones, 133 AD3d 578, 580; Fonteboa v Nugget Cab Corp., 123 AD3d 759, 760). In opposition, neither the plaintiffs nor the codefendants submitted an affidavit from a person with personal knowledge of the facts so as to raise a triable issue of fact as to whether any culpable conduct by Helena Kim contributed to the happening of the subject accident (see Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955).
Furthermore, contrary to the plaintiffs' contention, the Kims' motion for summary judgment was not premature, as neither the plaintiffs nor the codefendants offered an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the Kims (see Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the Kims' motion for summary judgment (see Niyazov v Hunter EMS, Inc., 154 AD3d at 955).
Accordingly, we agree with the Supreme Court's determination, upon renewal, to grant that branch of the Kims' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court