Abdou v Malone (2018 NY Slip Op 08106)





Abdou v Malone


2018 NY Slip Op 08106


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-10196
 (Index No. 22450/13)

[*1]Hanaa Abdou, plaintiff, 
v
Lucasta Malone, et al., respondents, Hossam Ibrahim, appellant.


Montfort, Healy, McGuire & Salley, Garden City, NY (Donald S. Neumann, Jr., of counsel), for appellant.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondents Lucasta Malone and Nicholas Malone.
James G. Bilello & Associates (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondents Scott Goldman and Lauren Goldman.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hossam Ibrahim appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), entered September 7, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Hossam Ibrahim for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
This appeal arises out of a four-car chain-reaction collision. The plaintiff was a passenger in the second vehicle, operated by the defendant Hossam Ibrahim. The third vehicle was owned by the defendant Scott Goldman and operated by the defendant Lauren Goldman (hereinafter the Goldman vehicle), and the fourth vehicle was owned by the defendant Lucasta Malone and operated by the defendant Nicholas Malone (hereinafter the Malone vehicle). Although the accident occurred on Interstate 80 in Pennsylvania, all the parties are New York residents. Based on the parties' deposition testimony, it is undisputed that the vehicle operated by Ibrahim was stopped or stopping when it was struck by the Goldman vehicle, causing it to propel into the lead vehicle, and that the Malone vehicle also struck the rear of the Goldman vehicle.
After discovery, Ibrahim moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The plaintiff did not oppose the motion, but the defendants Lucasta Malone, Nicholas Malone, Scott Goldman, and Lauren Goldman (hereinafter collectively the codefendants) opposed the motion, asserting that there were triable issues of fact as to whether Ibrahim had stopped abruptly and whether the Goldman vehicle hit the vehicle operated by Ibrahim prior to being struck in the rear by the Malone vehicle. In denying the motion, the Supreme Court relied on a ground not raised by the codefendants, concluding that Ibrahim was not entitled to summary judgment under Pennsylvania law.
The Supreme Court should not have raised the issue of Pennsylvania law of its own accord, and should not have based its determination of the motion on a ground that was neither raised nor briefed by the parties (see Deutsche Bank National Trust Co. v Gambino, 153 AD3d 1232, 1233; Federal Nat. Mortg. Assn. v Anderson, 119 AD3d 892, 893; Neville v 187 E. Main St., LLC, 33 AD3d 682, 683). "Parties to a civil litigation, in the absence of a strong countervailing public policy, may consent, formally or by their conduct, to the law to be applied" (Martin v Cohoes, 37 NY2d 162, 165; see Freidus v Eisenberg, 71 NY2d 981, 982; Greer v Ferrizz, 118 AD2d 536, 538). By failing to raise a choice of law issue in opposition to Ibrahim's motion for summary judgment, the codefendants are deemed to have consented to the application of New York law (see Cousins v Instrument Flyers, 44 NY2d 698, 700; Bailey v Peerstate Equity Fund, L.P., 126 AD3d 738, 739; see also Portanova v Trump Taj Mahal Assoc., 270 AD2d 757, 759-760).
In this case, Ibrahim established his prima facie entitlement to judgment as a matter of law by submitting evidence that he brought his vehicle safely to a stop behind the lead vehicle before being struck in the rear by the Goldman vehicle (see Chuk Hwa Shin v Correale, 142 AD3d 518, 519; Fonteboa v Nugget Cab Corp., 123 AD3d 759, 760). In opposition, the codefendants failed to raise a triable issue of fact. Whether the Goldman vehicle struck the vehicle operated by Ibrahim prior to being struck in the rear by the Malone vehicle has no bearing on Ibrahim's negligence (see Smith v Seskin, 49 AD3d 628, 629). Moreover, the deposition testimony that Ibrahim may have been stopping, instead of stopped, failed to raise a triable issue of fact (see Niosi v Jones, 133 AD3d 578, 579; Strickland v Tirino, 99 AD3d 888, 890; Katz v Masada II Car & Limo Service, Inc., 43 AD3d 876, 877). Accordingly, the Supreme Court should have granted Ibrahim's motion for summary judgment dismissing the complaint and cross claims insofar as asserted against him.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court