Gonzalez v Goudiaby (2019 NY Slip Op 07929)





Gonzalez v Goudiaby


2019 NY Slip Op 07929


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2018-07693
 (Index No. 711035/17)

[*1]Priscilla Gonzalez, respondent,
v
Ismaila Goudiaby, et al., defendants, Atiqur Rahman, MD, et al., appellants.


Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Daniel Rifkin and Ashley Rajakaruna], of counsel), for appellants.
Sacco & Fillas, Astoria, NY (Aida Zapata and Michael Warycha of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Atiqur Rahman, MD and Credit Cab Corp. appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered April 20, 2018. The order, insofar as appealed from, denied those defendants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendants Atiqur Rahman, MD and Credit Cab Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On July 9, 2016, three vehicles collided on Amsterdam Avenue at or near its intersection with Lasalle Street, in Manhattan. The plaintiff was a passenger in the lead vehicle, which was operated by the defendant Ismaila Goudiaby and owned by the defendant Favor Service Corp. (hereinafter together the Goudiaby defendants). The middle vehicle was operated by the defendant MD Atiqur Rahman, sued herein as Atiqur Rahman, MD, and owned by the defendant Credit Cab Corp. (hereinafter together the Rahman defendants). The rear vehicle was operated by the defendant Drissa Mare and owned by the defendant Cain Taxi, Inc. (hereinafter together the Mare defendants).
The plaintiff commenced this action to recover damages for personal injuries. After issue was joined, but before depositions of the parties had taken place, the Goudiaby defendants moved, and the Rahman defendants cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied both the motion and the cross motion, and the Rahman defendants appeal.
"In a chain collision accident, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was properly stopped behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle" (Chuk Hwa Shin v Correale, 142 AD3d 518, 519; see Morales v [*2]Amar, 145 AD3d 1000, 1002; Niosi v Jones, 133 AD3d 578, 580; Fonteboa v Nugget Cab Corp., 123 AD3d 759, 760; Kuris v El Sol Contr. & Constr. Corp., 116 AD3d 675, 676). Here, the Rahman defendants established their prima facie entitlement to judgment as a matter of law by submitting an affidavit from Rahman in which he averred that the Rahman defendants' vehicle was stopped at a red traffic light behind the Goudiaby defendants' vehicle when it was struck in the rear by the Mare defendants' vehicle, causing it to propel forward and strike the rear of the Goudiaby defendants' vehicle (see Chuk Hwa Shin v Correale, 142 AD3d at 519; Niosi v Jones, 133 AD3d at 580; Fonteboa v Nugget Cab Corp., 123 AD3d at 760; Kuris v El Sol Contr. & Constr. Corp., 116 AD3d at 676). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the cross motion was not premature, as the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the Rahman defendants (see CPLR 3212[f]; Lazarre v Gragston, 164 AD3d 574, 575; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737).
Accordingly, the Supreme Court should have granted the cross motion of the Rahman defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court