Dalrymple v Morocho (2022 NY Slip Op 05020)

Dalrymple v Morocho

2022 NY Slip Op 05020

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2019-12328
 (Index No. 522691/18)

[*1]Woody Dalrymple, appellant, 
v
Roman Morocho, respondent, et al., defendants.

Vaccaro & White, New York, NY (Peter W. Beadle of counsel), for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated October 9, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Roman Morocho which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 23, 2016, at approximately 10:00 a.m., the defendant Roman Morocho (hereinafter the defendant) was operating his vehicle at a speed of approximately 15 miles per hour, while traveling southeast on Irving Avenue in Brooklyn. The plaintiff was also traveling southeast on Irving Avenue on a bicycle, in the bicycle lane to the left of the defendant's vehicle. The defendant and the plaintiff both began to proceed into the intersection of Irving Avenue and Willoughby Avenue. At the same time, a tractor-trailer that was traveling southwest on Willoughby Avenue toward Irving Avenue failed to stop at a stop sign. Instead, the tractor-trailer entered the crosswalk to make a left turn onto Irving Avenue and stopped in the crosswalk. The plaintiff swerved his bicycle to the right to avoid the tractor-trailer, and his bicycle collided with the front left door of the defendant's vehicle, causing the plaintiff to fall.
The plaintiff commenced this personal injury action against the defendant, among others. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated October 9, 2019, the Supreme Court, among other things, granted that branch of the defendant's motion, determining that the attorney affirmation submitted by the plaintiff's counsel was insufficient to raise a triable issue of fact as to the defendant's liability. The plaintiff appeals, and we affirm the order insofar as appealed from.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Daniel v Ian-Michael, 188 AD3d 1155, 1156, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Carias v Grove, 186 AD3d 1484, 1484). "'[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030, quoting Barbieri v Vokoun, 72 AD3d 853, 856; see Vainer v DiSalvo, 79 AD3d 1023, 1024). Vehicle and Traffic Law § 1128(a) provides that "[a] vehicle shall be driven as nearly as practicable [*2]entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (see Merola v Beaird, 185 AD3d 679, 680; Pipinias v Ferreira, 155 AD3d 1073, 1074). Further, "[e]very person riding a bicycle . . . upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this title" (Vehicle and Traffic Law § 1231).
Here, in support of his motion, the defendant averred in his affidavit that the plaintiff swerved his bicycle to the right to avoid hitting the tractor-trailer, and rode his bicycle into the left front door of the defendant's vehicle. The defendant further averred that he had no opportunity to avoid the bicycle hitting his vehicle when the plaintiff swerved into the defendant's lane of traffic. The defendant's affidavit, coupled with the plaintiff's admission in a certified police accident report that he rode his bicycle into the defendant's vehicle, established, prima facie, that the plaintiff "made an unsafe lane change into the path of the defendant's [vehicle] in violation of Vehicle and Traffic Law § 1128(a) . . . [and that the defendant's] alleged negligence was not a proximate cause of the accident" (Leonard v Pomarico, 137 AD3d 1085, 1086). Further, the defendant established, prima facie, that he was not at fault in the happening of the accident (see Daniel v Ian-Michael, 188 AD3d at 1156). As the Supreme Court correctly determined, the affirmation of the plaintiff's counsel, which was the plaintiff's sole submission in opposition to the defendant's motion, was insufficient to raise a triable issue of fact (see Morales v Amar, 145 AD3d 1000, 1002).
The plaintiff's contention that the defendant's motion should have been denied as premature pursuant to CPLR 3212(f) is without merit. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Morales v Amar, 145 AD3d at 1003; see CPLR 3212[f]; Suero-Sosa v Cardona, 112 AD3d 706, 708).
Here, the affirmation of the plaintiff's counsel failed to establish either basis, and the "'mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion'" (Morales v Amar, 145 AD3d at 1003, quoting Suero-Sosa v Cardona, 112 AD3d at 708; see Williams v Spencer-Hall, 113 AD3d 759, 760-761).
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court