Berlin v American United Transp., Inc. (2023 NY Slip Op 02862)

Berlin v American United Transp., Inc.

2023 NY Slip Op 02862

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04388
 (Index Nos. 501285/19, 511351/19)

[*1]Nachman Berlin, plaintiff, 
v
American United Transportation, Inc., et al., appellants, Solomon Friedman, respondent. (Action No. 1)
Asya Lukyanovskaya, plaintiff-appellant,
v Solomon Friedman, respondent, American United Transportation, Inc., et al., defendants-appellants. (Action No. 2)

Bruce A. Newborough, P.C. (Thomas Torto, New York, NY, of counsel), for plaintiff-appellant in Action No. 2.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Erol B. Gurcan of counsel), for respondent in Action Nos. 1 and 2.

DECISION & ORDER
In two related actions to recover damages for personal injuries, which were joined for discovery and trial, the plaintiff in Action No. 2 appeals, and the defendants American United Transportation, Inc., and Cheikh Ndoye, separately appeal, from an order of the Supreme Court, Kings County (Lorna J. McAllister, J.), dated April 30, 2020. The order, insofar as appealed from by the plaintiff in Action No. 2, granted that branch of the motion of the defendant Solomon Friedman which was for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against him.
ORDERED that the appeal by American United Transportation, Inc., and Cheikh Ndoye is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff in Action No. 2; and it is further,
ORDERED that one bill of costs is awarded to Solomon Friedman, payable by the plaintiff in Action No. 2.
On October 31, 2018, the plaintiff in Action No. 2, Asya Lukyanovskaya (hereinafter the plaintiff), allegedly was injured in a two-car collision at the intersection of Avenue N and East 4th Street in Brooklyn. The plaintiff was a passenger in a vehicle owned by American United Transportation, Inc. (hereinafter American United), and operated by Cheikh Ndoye. Ndoye's vehicle was traveling southbound on East 4th Street when it collided with a vehicle owned and operated by Solomon Friedman, which was traveling westbound on Avenue N. At the subject intersection, traffic on Avenue N was not directed by any traffic control devices, but traffic on East 4th Street was controlled by a stop sign.
The plaintiff commenced Action No. 2 to recover damages for personal injuries against Friedman, American United, and Ndoye. Friedman moved, inter alia, for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against him. The Supreme Court, inter alia, granted that branch of Friedman's motion, and the plaintiff appeals.
Friedman established his prima facie entitlement to judgment as a matter of law by demonstrating that Ndoye, who was faced with a stop sign at the intersection, negligently drove his vehicle into the intersection without yielding the right-of-way to Friedman, and that this was the sole proximate cause of the accident (see Kirby v Lett, 208 AD3d 1174, 1175-1176; Choo v Virginia Transp. Corp., 204 AD3d 743, 745; Fuertes v City of New York, 146 AD3d 936, 937-938). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's contention that Friedman's motion should have been denied as premature is without merit. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Morales v Amar, 145 AD3d 1000, 1003; see CPLR 3212[f]; Dalrymple v Morocho, 208 AD3d 751, 753). Here, the affirmation of the plaintiff's counsel failed to establish either basis, and the "'mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion'" (Morales v Amar, 145 AD3d at 1003, quoting Suero-Sosa v Cardona, 112 AD3d 706, 708; see Dalrymple v Morocho, 208 AD3d at 753).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court