Henry v City of New York (2023 NY Slip Op 04368)

Henry v City of New York

2023 NY Slip Op 04368

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-02761
 (Index No. 510390/19)

[*1]Sheneque Henry, plaintiff-respondent, 
v
City of New York, et al., defendants-respondents, Mercella Jacob- Morris, et al., appellants.

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Brian R. Davey, Michael S. Olsen, Jr., and Kiera M. Guzzo of counsel), for appellant Mercella Jacob-Morris.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson of counsel), for appellant Darnett Cohen-Spencer.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondent Kendra Scarlett Venuza.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Mercella Jacob-Morris and Darnett Cohen-Spencer separately appeal from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated March 11, 2021. The order denied those defendants' separate motions for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Mercella Jacob-Morris and Darnett Cohen-Spencer for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them are granted.
This action arises from a four-vehicle accident that occurred at an intersection in Brooklyn. A vehicle owned and operated by the defendant Kendra Scarlett Venuza and a vehicle operated by the defendant Police Officer Stephan R. Noel and owned by the defendant New York City Police Department collided in the intersection. Venuza's vehicle then struck a vehicle operated by the defendant Mercella Jacob-Morris and a vehicle operated by the defendant Darnett Cohen-Spencer, which were each stopped at a red light.
The plaintiff, who was a passenger in Cohen-Spencer's vehicle, commenced this action to recover damages for personal injuries she allegedly sustained in the accident. Jacob-Morris and Cohen-Spencer separately moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them. By order dated March 11, 2021, the Supreme Court denied the motions. Jacob-Morris and Cohen-Spencer separately appeal.
The Supreme Court should have granted the separate motions of Jacob-Morris and [*2]Cohen-Spencer. They each established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by demonstrating that their respective vehicles were stopped at a red light when they were each struck by Venuza's vehicle (see Martinez v Kuhl, 165 AD3d 774, 775; Morales v Amar, 145 AD3d 1000; Chuk Hwa Shin v Correale, 142 AD3d 518). In opposition, neither Venuza, the plaintiff, nor the other codefendants submitted an affidavit from a person with personal knowledge of the facts so as to raise a triable issue of fact as to whether any culpable conduct by Jacob-Morris or Cohen-Spencer contributed to the happening of the accident (see Martinez v Kuhl, 165 AD3d at 775).
Further, the conclusion that Cohen-Spencer and Jacob-Morris were not liable to the plaintiff for the injuries she sustained necessarily defeats all the cross-claims for indemnification and contribution asserted against each of them (see Stone v Williams, 64 NY2d 639, 642; Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1094; Tapinekis v Rivington House Health Care Facility, 17 AD3d 572, 574).
Venuza's remaining contentions are without merit.
Accordingly, we reverse the order, and grant the separate motions of Jacob-Morris and Cohen-Spencer for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court