JPMorgan Chase Bank, N.A. v Qin Med., P.C. (2026 NY Slip Op 01189)

JPMorgan Chase Bank, N.A. v Qin Med., P.C.

2026 NY Slip Op 01189

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05016
2024-06768
 (Index No. 56357/23)

[*1]JPMorgan Chase Bank, N.A., respondent,
vQin Medical, P.C., appellant, et al., defendant.

Rosenberg & Estis, P.C., New York, NY (Christopher A. Gorman of counsel), for appellant.
Buonamici & LaRaus, LLP, White Plains, NY (A. Albert Buonamici of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Qin Medical, P.C., appeals from (1) an order of the Supreme Court, Westchester County (Paul I. Marx, J.), dated April 15, 2024, and (2) an order and judgment (one paper) of the same court dated June 11, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Qin Medical, P.C. The order and judgment, insofar as appealed from, granted the same relief to the plaintiff and is in favor of the plaintiff and against the defendant Qin Medical, P.C., in the total sum of $833,440.18.
ORDERED that the appeal from the order is dismissed as the portion of the order appealed from was superseded by the order and judgment; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against Qin Medical, P.C. (hereinafter the defendant), and Feng Qin, inter alia, to recover damages for breach of two credit agreements executed in favor of the plaintiff. As relevant here, the plaintiff alleged that the defendant defaulted
under the subject agreements by failing to make the requisite monthly payments due under the subject loan documents.
In December 2023, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion. In an order dated April 15, 2024, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. In an order and judgment dated June 11, 2024, the court, among other things, granted the same relief to the plaintiff and entered judgment in favor of the plaintiff and against the defendant in the total sum of $833,440.18. The defendant appeals. We affirm, albeit on different grounds.
"Under the doctrine of judicial estoppel, also known as estoppel against inconsistent positions, a party may not take a position in a legal proceeding that is contrary to a position he or she [*2]took in a prior proceeding, simply because his or her interests have changed" (Bihn v Connelly, 162 AD3d 626, 627; see Archer v Beach Car Serv., Inc., 180 AD3d 857, 861). Here, the plaintiff submitted evidence that Feng Qin, acting on behalf of the defendant, executed a financial disclosure statement in federal court, upon which a stipulation of settlement and dismissal against the defendant were entered. In that disclosure, Feng Qin attested that the defendant owed the plaintiff pursuant to the two credit agreements (see H & R Block Bank v Page, 199 AD3d 780, 783; Bihn v Connelly, 162 AD3d at 628). Since Feng Qin acknowledged that the defendant owed the plaintiff the sums complained of, and the stipulation relied upon that disclosure, the defendant is judicially estopped from now asserting that it did not owe the plaintiff under the credit agreements (see H & R Block Bank v Page, 199 AD3d at 783). In opposition, the defendant failed to raise a triable issue of fact.
Moreover, contrary to the defendant's contention, the plaintiff's motion was not premature (see CPLR 3212[f]). "'A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Houston v McQuiller, 232 AD3d 732, 733, quoting Dalrymple v Morocho, 208 AD3d 751, 753; see Morales v Amar, 145 AD3d 1000, 1003). Here, the defendant failed to demonstrate that summary judgment on the complaint insofar as asserted against it was prematurely awarded pursuant to CPLR 3212(f), and the "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion" (Dalrymple v Morocho, 208 AD3d at 753 [internal quotation marks omitted]; see Maurice v Donovan, 235 AD3d 633, 635).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court